FILED

**NOT FOR PUBLICATION**

SEP 4 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIDNEY D. JENKINS, III, | No. 13-35803 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05053-EFS |
| v. | |
| MICHAEL MEYERS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted August 26, 2014[**]

Before:      THOMAS, OWENS, and FRIEDLAND, Circuit Judges.

Washington state prisoner Sidney D. Jenkins, III, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

and state law claims arising out of defendant's rejection of a package containing

religious prayer oil.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Jenkins' First Amendment claims regarding the prison's practice of returning packages from unapproved religious vendors, without providing prisoners with an opportunity to select the method of disposal. The district court properly concluded the practice was a reasonable restriction on his free exercise rights. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987) (prison's regulation prohibiting return of prisoners to the prison during the day was a reasonable restriction under *Turner* and did not violate Muslim prisoners' free exercise rights, despite the fact they were prevented from attending a weekly religious service).

The district court properly granted summary judgment on Jenkins' equal protection claim because Jenkins failed to raise a triable dispute as to whether Meyer acted with an intent or purpose to discriminate against him on the basis of his race or religion. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants

acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)).

**AFFIRMED.**